IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| State Farm Life Insurance Company, | ) | Case No. 7:19-cv-00219-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Pickel, Amber Whitwell, | ) | |
| Samantha Elise Pickel Huggins, | ) | |
| Michelle Pickel, April Lea Gibson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon a motion for summary judgment filed by Defendant David Pickel ("David"). ECF No. 44. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). Plaintiff filed this interpleader action on January 24, 2019. ECF No. 1. On June 24, 2019, the Magistrate Judge granted Plaintiff's consent motion to deposit interpleader funds and for discharge. ECF No. 30. Plaintiff deposited the insurance proceeds totaling $95,806.45 with the Court and was dismissed from this action. ECF Nos. 32, 34.

As previously stated, David filed a motion for summary judgment asserting that he is entitled to the payment of death benefit. ECF No. 44. Defendants Amber Whitwell, Samantha Elise Pickel Huggins, and Michelle Pickel filed pro se responses in opposition to the motion, and David filed a reply. ECF Nos. 48, 50. On February 13, 2020, the

Magistrate Judge issued a Report recommending that the motion be denied. ECF No. 57. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party has filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, no party has objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. As explained in more detail in the Report, David pled guilty to involuntary manslaughter, which is defined as "(1) the unintentional killing of another without malice, but while engaged in an unlawful activity not naturally

tending to cause death or great bodily harm; or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others." *See State v. Crosby*, 584 S.E.2d 110, 112 (S.C. 2003).  However, the evidentiary standard in this civil action is different from the standard applied in criminal cases.  Here, "the lack of a criminal conviction of felonious and intentional killing is no bar to invocation of [S.C. Code Ann. § 62-2-803] where the felonious and intentional killing can still be proved by the preponderance of the evidence."  *Sims v. Sims*, C/A No. 4:15-cv-01649-RBH, 2019 WL 5719436, at *2 (D.S.C. Nov. 5, 2019).  Accordingly, there remains a genuine issue of material fact with respect to whether David would be found responsible for the felonious and intentional killing of Shelly Pickel under a preponderance of the evidence standard.  Therefore, the motion for summary judgment [44] is **DENIED**.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

April 17, 2020
Spartanburg, South Carolina